**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1807**

AMANDA UNDERWOOD,

    Plaintiff - Appellant,

  v.

THE WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES;
JOHN J. NAJMUSKI, Commissioner, West Virginia Department of
Health and Human Services, in his official capacity; KATHRYN
A. BRADLEY, Community Services Manager of the
Berkeley/Jefferson/Morgan County Offices of the West
Virginia Department of Health and Human Resources,
Individually; MARY CARPER, Individually; JUSTIN CASTLEMAN,
Individually; TZOURI OLIVER, Individually; SHELLY
NICEWARNER, Individually; UNKNOWN EMPLOYEES OF THE
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, and Supervisors of
Mary Carper, Individually; MARY DOE(S), Individually; JOHN
DOE(S), Individually,

    Defendants – Appellees,

  and

STORM SHILEY, Individually,

    Defendant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. Joseph R. Goodwin,
District Judge. (2:11-cv-00506)

Argued: March 18, 2014      Decided: April 4, 2014

Before TRAXLER, Chief Judge, DUNCAN, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Nancy A. Dalby, Charles Town, West Virginia, for Appellant. Natalie C. Schaefer, SHUMAN, MCCUSKEY & SLICER, PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF**: Kimberly M. Bandy, SHUMAN, MCCUSKEY & SLICER, PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal concerns the process afforded to Appellant Amanda Underwood during the course of abuse and neglect proceedings in West Virginia state court and culminating in the termination of Underwood's parental rights. Underwood was originally drawn into the purview of the state's Department of Health and Human Resources (DHHR) because her husband, Travis Harrell, was the subject of an investigation by its child protective services. Following an ex parte proceeding accompanied by a series of concededly sloppy paperwork, DHHR removed Underwood's children from her physical custody without court ratification or the setting of a hearing.[1] Eventually, after Underwood conceded medical neglect and was unable to demonstrate improvement during a probationary period, the Circuit Court of Berkeley County, West Virginia terminated her parental rights.

Underwood then filed a motion for reconsideration, alleging that DHHR had committed serious procedural improprieties while handling her case. The circuit court found cause to believe that DHHR had indeed violated Underwood's due process rights "when

---

[1] A comprehensive recitation of the factual record and procedural history can be found in the district court's May 28, 2013 opinion granting Appellees' motion for summary judgment. Underwood v. W. Va. Dep't of Health and Human Serv., No. 11-00506, 2013 WL 2319253, at *1 (S.D. W.Va. May 28, 2013).

custody of the Infants was removed from her without court notification and without setting a date for a preliminary hearing[.]" J.A. 138. Notwithstanding this finding, however, the court denied Underwood's motion for reconsideration. It found that during the subsequently-imposed improvement period, Underwood had not demonstrated sufficient progress to justify a return of her children.

Underwood timely appealed and filed a writ of habeas corpus for the return of her children in the Supreme Court of Appeals of West Virginia. Building off the circuit court's holding, she argued that DHHR had violated her federal due process rights under the Fourteenth Amendment and under West Virginia law. According to Underwood, the entirety of the flawed termination proceedings, including her concession of medical neglect, flowed from the improvident removal of her children, such that the DHHR actions poisoned the ultimate termination of her parental rights.

On September 26, 2011, the state supreme court affirmed the circuit court's order and denied Underwood's petition. The judgment rested primarily on the court's differing interpretation of the events that transpired during Underwood's court appearances, Specifically, the court held that DHHR had never relinquished legal custody of Underwood's children (rather, only physical custody had been restored) and that

4

Underwood had waived certain process rights. It concluded that "the record shows that petitioner's due process rights were not violated . . . despite the circuit court's finding [otherwise]." J.A. 455B. Underwood's parental rights having been terminated, DHHR subsequently arranged for the legal adoption of the children, which, as we were advised by counsel at oral argument, has been consummated.

Underwood's instant lawsuit, filed in the Southern District of West Virginia on July 25, 2011, alleges the same nucleus of facts litigated in the state courts. Her amended complaint contained seven counts, including Count III, which alleges claims pursuant to 42 U.S.C. § 1983 that Appellees deprived Underwood of due process, and Count V-A, which alleges that the West Virginia Abuse and Neglect Statute is unconstitutional on its face and as applied to Underwood.[2]

The parties submitted cross-motions for summary judgment. After several rounds of briefing, the district court granted DHHR's motion and denied Underwood's motion. Underwood v. W. Va.

---

[2] Underwood had also sought injunctive relief to prohibit DHHR from retaining custody, but that claim was denied by the district court under the Rooker-Feldman doctrine and is not challenged on appeal. Underwood v. W. Va. Dep't of Health and Human Serv., No. 11-00506, 2012 WL 2026547, at *2-3 (S.D. W.Va. June 5, 2012).

5

<u>Dep't of Health and Human Serv.</u>, No. 11-00506, 2013 WL 2319253 (S.D. W.Va. May 28, 2013).

Having had the benefit of oral argument and having carefully reviewed the briefs, record, and applicable law, we agree with the district court's analysis as set forth in its well-reasoned memorandum. <u>Id.</u> Accordingly, we affirm on the reasoning of the district court.

<u>AFFIRMED</u>